IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INVESTMENT SCIENCE LLC, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:20-cv-08159-GBD |
| ) | |
| v. ) | **STIPULATED PROTECTIVE** |
| ) | **ORDER** |
| OATH HOLDINGS INC., ) | |
| ) | |
| Defendant. ) | |

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is hereby:

ORDERED that any person subject to this Stipulated Protective Order ("Order")—including without limitation the parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

Any person subject to this Order who receives from any other person any Discovery Material that is designated as "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. Discovery Material means information of any kind provided in the course of discovery in this action. Confidential Discovery Material means any Discovery Material, or any portion of any Discovery Material, bearing the designation "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to the terms of this Order.

1

Each party or third party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the inapplicable designation.

Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, investment, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall clearly mark the same as "Confidential."

Any party to this litigation and any third party shall have the right to designate as "Confidential – Attorneys' Eyes Only" and subject to this Order any "Confidential" material that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Confidential – Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or

testimony, shall mark the same with the foregoing or similar legend: "Confidential – Attorneys' Eyes Only."

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Discovery Material designated as "Confidential" and the contents of Discovery Material designated as "Confidential" may be disclosed only to the following individuals under the following conditions:

Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

The Court and court personnel;

Any deponent in the action, and any attorneys for the deponent, to whom disclosure is reasonably necessary, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A. If a designating party believes a party is not acting in good faith in seeking to show Discovery Material designated as "Confidential" to a witness during a deposition, the designating party may seek a further protective order from the Court to prevent the showing of Discovery Material designated as "Confidential" to the witness, with the designating party bearing the burden of proof to show that the party seeking to show Discovery Material designated as "Confidential" to a witness during a deposition is not acting in good faith;

Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

The author, recipient, or custodian of a document containing the information;

Any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

The parties. In the case of parties that are corporations or other business entities, "party" shall mean the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

Any other person with the prior written consent of the producing party.

Discovery Material designated as Confidential – Attorneys' Eyes Only may be disclosed only to the individuals identified in Paragraphs 6 (a)-(d), (f)-(h), and (j), and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

Confidential Discovery Material shall be used only by individuals permitted access to it under Paragraphs 6 and 7. Confidential Discovery Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

With respect to any depositions that involve a disclosure of Confidential Discovery Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition

transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Confidential – Attorneys' Eyes Only, which period may be extended by agreement of the parties. During the 30-day period, the entire transcript will be treated as Confidential – Attorneys' Eyes Only.  Any Confidential Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Confidential Discovery Material. Upon being informed that certain portions of a deposition are to be designated as Confidential or Confidential – Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 3 and 4.  Counsel for any producing party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Order to receive or access Confidential Discovery Material based on the designation of such Confidential Discovery Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential Discovery Material.

Any party who objects to any Confidential or Confidential – Attorneys' Eyes Only designation, or who requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling (or follow any other procedures requested by the Court for purposes of resolving the dispute, including briefing). The burden of persuasion in any such challenge shall be on the designating party. Unless the designating party has waived or withdrawn the confidentiality designation, all parties

shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Confidential – Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Discovery Material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Confidential – Attorneys' Eyes Only. Such notice shall constitute a designation of the information, document or thing as Confidential or Confidential – Attorneys' Eyes Only under this Order. The producing party shall then reproduce the Confidential Discovery Material with the correct confidentiality designation within seven (7) days upon its notification to the receiving party. Upon receiving the Confidential Discovery Material with the correct confidentiality designation, the receiving party shall return or securely destroy all Discovery Material that was not designated properly. A receiving party shall not be in breach of this Order for any use of such Discovery Material before the receiving party receives notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.

It is the intent of the parties to assert and preserve all information subject to any applicable privilege or work product protection. If the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party, and brought to the attention in writing of the receiving party, the receiving party shall, at the earliest possible moment but in no event later than forty-eight (48) hours of the written notice, return that information to the designating party, together with all copies or reproductions thereof. The receiving party shall also either return to the producing party or securely destroy any privileged or protected work product material derived from the inadvertently produced material. The return of claimed privileged or protected material shall not in any way waive the recipient's right to challenge the claim of privilege or protection. Except as otherwise stated herein, a receiving party's treatment of information that the producing party has asserted in writing was inadvertently produced and is the subject of an applicable privilege or work product protection shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order.

This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

This Order shall be binding upon the parties hereto, their successors, and anyone who obtains access to Confidential Discovery Material.

Within thirty (30) days of the final disposition of this action, each party or other individual subject to the terms hereof shall assemble and return to the originating source all originals and unmarked copies of documents and things containing Confidential material and destroy all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order.

Dated: Brooklyn, NY  
       January 29, 2021

_/s/ Steven R Fairchild_

Steven R Fairchild  
FAIRCHILD LAW, LLC  
292 Powers Street, 1B  
Brooklyn, NY 11211  
703.993-0193  
steve@fairchildlegal.com

*Attorney for Plaintiff Investment Science LLC*

Dated: Los Angeles, CA  
       January 28, 2021

_/s/ Ilissa Samplin_

Ilissa Samplin  
GIBSON, DUNN & CRUTCHER LLP  
333 South Grand Avenue  
Los Angeles, CA 90071  
213.229.7354  
ISamplin@gibsondunn.com

*Attorney for Defendant Oath Holdings Inc.*

SO ORDERED.

Dated: **FEB 0 3 2021**  
New York, New York

_/s/ George B. Daniels_

8

HON. GEORGE B. DANIELS
United States Judge